# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 18, 2024

Lyle W. Cayce
Clerk

No. 23-40484
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Johnathan Samuel Borden,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:22-CR-317-1

_____

Before Higginbotham, Stewart, and Southwick, *Circuit Judges*.

Per Curiam:[*]

Johnathan Samuel Borden appeals his conviction for possession of a firearm by a felon, arguing the district court erred by denying his motion to suppress evidence discovered during police officers' warrantless search of his backpack. In denying his motion, the district court determined the exigent circumstances exception to the Fourth Amendment's warrant

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.4.

requirement applied. *See Kentucky v. King*, 563 U.S. 452, 460 (2011). Specifically, the district court found that exigent circumstances existed based on "the need to assist" Borden during an apparent medical emergency. *Brigham City v. Stuart*, 547 U.S. 398, 403 (2006); *see United States v. Troop*, 514 F.3d 405, 409 (5th Cir. 2008). We review the district court's "factual findings for clear error and the ultimate constitutionality of law enforcement action de novo." *United States v. Robinson*, 741 F.3d 588, 594 (5th Cir. 2014).

Here, the police officers' testimony at the suppression hearing — corroborated by their body camera videos — demonstrates that "there was an objectively reasonable basis" for concluding a medical emergency existed. *See United States v. Toussaint*, 838 F.3d 503, 509 (5th Cir. 2016); *Troop*, 514 F.3d at 410. Borden argues the officers' actions indicate they did not actually think a medical emergency existed, but their subjective beliefs are irrelevant. *See Toussaint*, 838 F.3d at 509. Given the totality of the circumstances, a reasonable view of the evidence supports the district court's conclusion that exigent circumstances — a medical emergency or overdose — existed. *See United States v. Massi*, 761 F.3d 512, 520 (5th Cir. 2014).

AFFIRMED.